# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 95-60106
Summary Calendar

---

ROBERT L. BIGSBY,

Plaintiff-Appellant,

and "PAG" INCORPORATED; ADVERSELY AFFECTED USPS
RURAL CRAFT EMPLOYEES,

Plaintiffs,

VERSUS

ANTHONY M. FRANK, Postmaster General; SEARS ROEBUCK AND
COMPANY; CHARLES MERRITT, Director of Human Resources;
WILHEMENIA L. HARRIS, Postmaster/Manager Tupelo MSC; DON
CARTWRIGHT; EVELYN PRITCHARD, Safety/OWCP Specialist, Tupelo
MSC; CATHY MAHARREY, Postmaster Ripely, MS; RICHARD B.
HANKINS, Postmaster Ripely, MS; DANNY H. LINVILLE,
Supervisor/Postmaster Relief Ripely, MS; LAWRENCE ADAMS,
National Rural Letter Carriers Association, Committeeman

Defendants,

and UNITED STATES POSTAL SERVICE; NATIONAL RURAL LETTER
CARRIERS' ASSOC.; MARVIN T. RUNYON,  Postmaster General of the
United States on 07/06/92,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Mississippi
(3:92CV013-D-D)

November 20, 1995

---

Before THORNBERRY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on

Appellant Robert Bigsby appeals the district court's dismissal of his employment discrimination suit after a grant of summary judgment in favor of the defendants. We affirm.

Bigsby's suit arose from a *pro se* complaint filed on January 29, 1990, against the Postmaster General, United States Postal Service ("USPS"), the National Rural Letter Carrier's Association ("NRLCA"), and Sears, Roebuck and Co., alleging *inter alia*, that defendants had engaged in extortion, bribery, contract fraud, mail fraud, and witness tampering. Bigsby filed amended complaints alleging additional allegations and defendants. His final, fourth amended complaint was filed by appointed counsel,[1] superseded all previously filed complaints, and named only the Postmaster General, the USPS, and the NRLCA as defendants. This complaint alleged numerous instances of employment discrimination based on religion (atheism), reprisal, age, sex, and handicap, as well as breach of contract and breach of the duty of fair representation.

The district court on December 6, 1994, granted the defendants' motions for summary judgment and dismissed the suit with prejudice. In its memorandum opinion the court discussed Bigsby's discrimination claims arising from his employment with USPS, finding some claims were time-barred, some were subject to dismissal for failure to exhaust administrative remedies, and others were moot. The court rejected Bigsby's remaining claims on the merits and concluded that there existed no genuine issue of material fact as to any of his allegations, and held the defendants entitled to judgment as a matter of law.

This court conducts a *de novo* review of a district court's grant or denial of summary judgment. Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991). Summary judgment is appropriate when, viewing the evidence in the light most favorable

the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] The district court twice appointed counsel for Bigsby, and both attorneys received the court's permission to withdraw. Bigsby is proceeding *pro se* on appeal.

to the non-moving party, there is no genuine issue as to any material fact and the moving party shows he is entitled to judgment as a matter of law.  Ibid.  FED. R. CIV. P. 56(e).  If the moving party meets the initial burden of showing there is no genuine issue, the burden shifts to the opposing party to set forth specific facts showing the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  This Court may affirm a grant of summary judgment on any grounds supported by the record.  In re Jones, 966 F.2d 169, 172 (5th Cir. 1992).

After thoroughly considering the record and all the arguments, we hold Bigsby has presented no evidence to support his claims.  The district court did not err in granting summary judgment in favor of the defendants, and in dismissing this suit with prejudice.

AFFIRMED.